IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 6 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**CARL JONES and KENNETH FLOYD,**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

**PLAINTIFFS**

This case assigned to District Judge ____Wilson____
and to Magistrate Judge____Ray____

vs.

No. 4:20-cv- _339-BRW_

**BURKHALTER TECHNOLOGIES,**
**INC., and JOHN BURKHALTER**

**DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Carl Jones and Kenneth Floyd (collectively "Plaintiffs"),

each individually and on behalf of all others similarly situated, by and through their

attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for their

Original Complaint—Collective Action against Defendants Burkhalter Technologies,

Inc., and John Burkhalter (collectively "Defendants" or "Defendant"), they state and

allege as follows:

### I.  PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiffs, each individually and on

behalf of all other similarly situated maintenance employees who were employed by

Defendants at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201,

*et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendants' failure to pay Plaintiffs and all other hourly-paid employees who lived on-premises lawful overtime compensation for hours in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiffs' claim under the AMWA forms part of the same case or controversy and arises out of the same facts as the FLSA claims made herein. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.      Defendants conduct business in this District and a substantial part of the events alleged herein occurred in this District.

7.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8.      On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.      THE PARTIES

10.      Plaintiff Carl Jones ("Jones") is an individual and a citizen and resident of Pulaski County.

11.    Plaintiff Kenneth Floyd ("Floyd") is an individual and a citizen and resident of Pulaski County.

15.    Separate Defendant Burkhalter Technologies, Inc. ("Burkhalter Technologies"), is a domestic, for-profit corporation headquartered in central Arkansas.

16.    Burkhalter Technologies's registered agent for service is, Newland & Associates, PLLC, at 2228 Cottondale Lane, Suite 200, Little Rock, Arkansas 72202.

17.    Separate Defendant John Burkhalter ("John Burkhalter") is an individual and resident of Arkansas.

## IV.    FACTUAL ALLEGATIONS

18.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

19.    John Burkhalter is the president and chief executive officer of Burkhalter Technologies.

20.    John Burkhalter had operational control over the day-to-day functions of Plaintiff and similarly situated employees as well as direct responsibility for the compensation of Plaintiff and similarly situated employees.

21.    Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22.    Defendants were at all times relevant hereto Plaintiffs' employer, as well as the employers of the members of the proposed classes and are and have been engaged in the interstate commerce as that term is defined under the FLSA and the AMWA.

23.     Within the past three (3) years preceding the filing of this Complaint, Defendants continuously employed at least four employees, including Plaintiffs.

24.     Defendants operate at least three apartment complexes in Arkansas, including the apartment complex where Plaintiffs worked.

25.     Plaintiffs were hired by Defendants as hourly employees at one of Defendants' apartment complexes during the three years preceding the filing of this Complaint.

26.     During Plaintiffs' employment, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiffs an hourly wage.

27.     At all times material hereto, Plaintiffs were entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

28.     Jones worked for Defendants as an hourly-paid maintenance worker from December of 2019 until March of 2020.

29.     Floyd worked for Defendants as an hourly-paid maintenance worker from December of 2019 until March of 2020.

30.     As maintenance workers, Plaintiffs and similarly situated employees lived on-premises.

31.     Plaintiffs and other hourly-paid maintenance workers who lived on-premises were given a rent discount while living on-premises.

32.     Plaintiffs and other hourly-paid maintenance workers regularly worked in excess of forty (40) hours per week while working for Defendants.

33.     Defendants paid Plaintiffs and other hourly-paid maintenance workers who

lived on-premises one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

34.     However, Defendants did not include all forms of compensation, such as rent discounts given to Plaintiffs and other hourly-paid maintenance workers who lived on- premises, in their regular rate of pay when calculating their overtime rate of pay.

35.     Plaintiffs and other maintenance workers were classified as hourly employees and paid an hourly rate.

36.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37.     Defendants violated the FLSA and the AMWA by not including all forms of compensation, such as rent discounts, in Plaintiffs' and similarly situated employees' regular rate when calculating their overtime pay.

38.     Upon information and belief, Defendants' pay practices were the same for all hourly workers at all of Defendants' apartment complexes.

39.     The pay practices that violate the FLSA and the AMWA alleged herein were the same at all of Defendants' apartment complexes because the policies were centralized human resources policies implemented uniformly from Defendants' principal office.

40.     Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and similarly situated employees violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

41.     Plaintiffs repeat and re-allege all the preceding paragraphs of this

Complaint as if fully set forth in this section.

42.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43.    Plaintiffs brings their FLSA claims on behalf of all other hourly-paid maintenance workers who lived on-premises and were employed by Defendants at any time within the applicable statute of limitations period.

44.    Plaintiffs and all other similarly situated employees were classified by Defendants as non-exempt from the overtime requirements of the FLSA and are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.    Liquidated damages; and

C.    Attorney's fees and cost.

45.    The relevant time period dates back three (3) years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.    They were employed by Defendants as maintenance workers;

C.    They had the same or similar job duties;

D.     They were paid hourly rates;

E.     They recorded their time in the same manner;

F.     They lived on Defendants' premises; and

G.     They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

47.    Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds twenty (20) persons.

48.    Each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49.    Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

50.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

51.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

52.     Defendants violated 29 U.S.C.S. § 207 by failing to pay a proper overtime premium to Plaintiffs for all hours worked over forth (40) each week.

53.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as rent discounts, in Plaintiffs' regular rate when calculating their overtime pay.

54.     Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

55.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

56.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

57.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

58.     Plaintiffs brings this collective action on behalf of all similarly situated employees to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

59.     Plaintiffs brings this action on behalf of themselves and all similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

60.     At all relevant times, Defendants have been, and continue to be, and "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

61.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

62.     Defendants classified Plaintiffs and all other similarly situated employees who lived on-premises as non-exempt from the overtime requirements of the FLSA and paid them an hourly wage.

63.     Defendants violated 29 U.S.C.S. § 207 by failing to pay a proper overtime premium to Plaintiffs and other similarly situated employees for all hours worked over forth (40) each week.

64.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as rent discounts, in Plaintiffs' and all other similarly situated employees' regular rate when calculating their overtime pay.

65.     Defendants failed to pay these workers at the proper overtime rate.

66.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective of hourly-paid employees who lived on-premises may be properly defined as follows:

**All hourly-paid maintenance workers who lived on-premises within the three (3) years preceding the filing of the Complaint, to whom Defendants gave a rent discount or credit attributable to work performed in at least one week in which the employee worked more than forty (40) hours.**

67.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

68.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

69.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

70.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

71.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

72.     At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty

(40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74.     Defendants failed to pay Plaintiffs all overtime wages owed, as required under the AMWA.

75.     Defendants' failure to include the rent discounts and commissions in Plaintiffs' overtime pay resulted in a failure to pay Plaintiffs full and complete overtime during weeks in which Plaintiffs worked more than forty (40) hours.

76.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

77.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

78.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Carl Jones and Kenneth Floyd, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer herein as follows:

A.     That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendants' practices violate the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.     A declaratory judgment that Defendants' practices violate the AMWA and its related regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F.     Judgment for damages for all unpaid overtime compensation under the AMWA and its related regulations;

G.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

H.     Judgment for liquidated damages pursuant to the AMWA and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

I.     An order directing Defendants to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CARL JONES and KENNETH FLOYD,
Each Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CARL JONES and KENNETH FLOYD,**                              **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                    No. 4:20-cv-____

**BURKHALTER TECHNOLOGIES,**                                  **DEFENDANTS**
**INC., and JOHN BURKHALTER**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Burkhalter Technologies, Inc., and John Burkhalter within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid/miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**CARL JONES**
March 26, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CARL JONES and KENNETH FLOYD,**          **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                              No. 4:20-cv-_____

**BURKHALTER TECHNOLOGIES,**              **DEFENDANTS**
**INC., and JOHN BURKHALTER**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Burkhalter Technologies, Inc., and John Burkhalter within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid/miscalculated overtime wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**KENNETH FLOYD**
March 26, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**