IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CARL JONES and KENNETH FLOYD,**  **PLAINTIFFS**
Each Individually and on Behalf
of All Others Similarly Situated

vs.   No. 4:20-cv-339-BRW

**BURKHALTER TECHNOLOGIES,**  **DEFENDANTS**
**INC., and JOHN BURKHALTER**

## JOINT MOTION TO DISMISS WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Plaintiffs Carl Jones and Kenneth Floyd (collectively "Plaintiffs") and Defendants Burkhalter Technologies, Inc., and John Burkhalter (collectively "Defendants"), by and through their undersigned counsel, and respectfully move this Court to review the Parties' Settlement Agreement, to enter an Order approving the Settlement as fair and reasonable, and to dismiss this action with prejudice. In support of this motion, the Parties state:

1.  Plaintiffs filed this action on March 26, 2020, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq. See* ECF No. 1. Plaintiffs asserted that Defendants failed to pay Plaintiffs a proper overtime premium for hours worked in excess of forty per week as required by the FLSA and AMWA. Plaintiffs also sought liquidated damages and attorneys' fees. *Id.* Defendants asserted that Plaintiffs were properly compensated for all hours worked, including overtime pursuant to the FLSA and AMWA. *See* ECF No. 3.

Page 1 of 7
Carl Jones, et al. v. Burkhalter Technologies, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-339-BRW
Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement

2.  During the course of this litigation, the Parties have engaged in informal discovery regarding Plaintiffs' compensation and issues related to the underlying merits of Plaintiffs' claims and Defendants' defenses.

3.  Following negotiations between counsel, the Parties have entered into the Settlement, which resolves the litigation in full and requests dismissal of the above-captioned action with prejudice.

4.  Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

5.  Courts in both the Eastern and Western Districts of Arkansas have agreed that courts are not required to review a settlement under the FLSA where "(1) the lawsuit is not a collective action; (2) all individual plaintiffs were represented by an attorney from the time of the filing of the complaint through the conclusion of subsequent settlement negotiations; and (3) all parties have indicated to the Court in writing through their attorneys that they wish for their settlement agreement to remain private and that they do not wish for any reasonableness review of their settlement to occur." *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-cv-5230-TLB, 2015 U.S. Dist. LEXIS 14679, at *7 (W.D. Ark. Feb. 5, 2015) (Brooks, J.); *see also* Order, *Kay v.*

Page 2 of 7
Carl Jones, et al. v. Burkhalter Technologies, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-339-BRW
Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement

*Cactus Jacks,* No. 4:19-cv-053-LPR (E.D. Ark. Feb. 14, 2020), ECF No. 16 (dismissing case with prejudice without review based upon the parties' stipulation in light of *Schneider*); Order, *Marshall v. United Inv. Solutions, Inc.*, No. 4:18-cv-761-JM (E.D. Ark. Jan. 16, 2019), ECF No. 5 (dismissing case with prejudice without review based upon the parties' stipulation); *Willer v. Ark. Cty. Cty.-Op*, No. 4:17-cv-408-BSM, 2018 U.S. Dist. LEXIS 193793, at *1–2 (E.D. Ark. Nov. 14, 2018) (Miller, J.) (dismissing case without reasonableness review because three factors from *Schneider* were met); *Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047-SOH, 2018 U.S. Dist. LEXIS 187750, at *2–3 (W.D. Ark. Nov. 2, 2018) (Hickey, J.) (same); *Perez v. Garcia*, No. 4:16-cv-81-KGB, 2016 U.S. Dist. LEXIS 165788, at *2 (E.D. Ark. Dec. 1, 2016) (Baker, J.) (same) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012)). However, this Court has recently declined to follow this line of cases. *See* Order, *Whitehead v. Conway Cycle Shop, LLC*, No. 4:20-cv-234-BRW, (E.D. Ark. July 30, 2020), ECF No. 6.

6. Assuming court approval is required, the Parties request the Court's review and approval of the Settlement, attached hereto as Exhibit A, and issuance of an Order approving the Settlement as fair, adequate and reasonable.

7. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair

Page 3 of 7
Carl Jones, et al. v. Burkhalter Technologies, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-339-BRW
Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement

and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

8. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

9. The Parties agree that a bona fide dispute exists between them. Plaintiffs claim that Defendants failed to include all forms of compensation, such as rent discounts given to Plaintiffs, in their regular rate of pay when calculating their overtime rate of pay, and therefore failed to pay Plaintiffs a proper overtime premium for hours worked in excess of forty per week. Defendants deny any liability or wrongdoing of any kind and deny that Plaintiffs were ever denied compensation to which they were legally owed. Defendants affirmatively state that Defendants were not the Plaintiffs' employer. Defendants affirmatively state that they complied with all applicable federal and state laws.

10. The Settlement was reached during formal litigation by experienced counsel representing both Parties. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement. Plaintiffs and their counsel

Page 4 of 7
Carl Jones, et al. v. Burkhalter Technologies, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-339-BRW
Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement

have considered the potential value of their claims and concluded that the proposed settlement provides a fair and reasonable resolution of the claims.

11. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee*, 927 F.3d at 1027. Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1.

12. The Parties negotiated an award of reasonable attorney's fee and costs after, separately, independently from, and without regard to the settlement amount to be paid to Plaintiffs. Specifically, the Parties negotiated and finalized Plaintiffs' liability damages **before** entering into a discussion regarding attorney's fees and costs. ECF Nos. 5 and 6 ("After reaching a resolution of the liability issues, the parties began to

Page 5 of 7
Carl Jones, et al. v. Burkhalter Technologies, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-339-BRW
Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement

separately negotiate a attorneys' fees and costs.")[1]. **There was no simultaneous negotiation of fees and liability damages.**

13. Because the attorney's fee was negotiated separately, no conflict could exist between Plaintiffs and their counsel and this resolution sufficiently resolves all matters before the Court.

14. Accordingly, Plaintiffs and Defendants jointly seek dismissal, with prejudice, of Plaintiffs' claims in this action.

WHEREFORE, Plaintiffs and Defendants request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement, and for all other relief to which they may be entitled.

---

[1] *See* Order at 6, *Hampton v. Healthscope Benefits, Inc.*, 4:19-cv-489-BRW (E.D. Ark. 2020 ECF No. 19 (liability damages and attorneys' fees "simply must be resolved entirely independent of each other.")

Page 6 of 7
Carl Jones, et al. v. Burkhalter Technologies, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-339-BRW
Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement

        Respectfully submitted,

        **PLAINTIFFS CARL JONES
and KENNETH FLOYD**

        SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

        Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

        Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and**    **DEFENDANTS BURKHALTER
TECHNOLOGIES, INC., and JOHN
BURKHALTER**

        NEWLAND & ASSOCIATES, PLLC
2228 Cottondale Lane, Suite 220
Little Rock, Arkansas 72202
(501) 221-9393 PH
(501) 221-7058 FAX

        Joel F. Hoover
Ark. Bar No. 2001031
jhoover@newlandassociatespllc.com

        */s/ Ashley D. Peoples*
Ashley D. Peoples
Ark. Bar No. 2008171
apeoples@newlandassociatespllc.com

**Page 7 of 7
Carl Jones, et al. v. Burkhalter Technologies, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-339-BRW
Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement**